40966. TOLBERT v. BUCK et al.

DECIDED NOVEMBER 23, 1964.

*Ray, Owens, Keil & Hirsch, Roberts & Thornton, Milton Hirsch,* for plaintiff in error.

*Foley, Chappell, Young, Hollis & Schloth, Richard Y. Bradley,* contra.

JORDAN, Judge. The facts developed in connection with the motion for summary judgment show that the defendants are engaged in the manufacture and sale of soft drinks at wholesale to various retail stores and outlets in the States of Georgia and Alabama; that its only plant and principal office is located in Columbus, Muscogee County, Ga., and that the only product manufactured and sold by defendants is a liquid soft drink contained in re-usable glass bottles. The plaintiff was employed as a "route helper" and as such accompanied the driver of a truck owned and operated by the defendants on a route located solely within the State of Georgia. The plaintiff's duties consisted of loading filled bottles on the truck at defendants' plant before deliveries were made, going on the truck to various retail outlets where he would pick up empty bottles and place them on the truck, unload the "flats" or cases of filled bottles and deliver them to the customers as directed by the driver-salesman. At the end of the route, the truck returned the empty bottles to defendants' plant where they were unloaded and placed in a storage area to be used later in the production of the bottled drinks. Affidavits of defendants show that the empty bottles on the route truck are unloaded by in-plant employees using special equipment. In the plaintiff's affidavit opposing the motion, he contends that all empty bottles are not unloaded by in-plant employees and that he has also unloaded empty bottles from the trucks and placed them in the plant. Whether this issue of fact is a material one is dealt with later.

It is not contended that the 1961 amendment to the Fair Labor Standards Act relating to the enterprise concept of coverage would provide coverage for the plaintiff in this case since the uncontroverted evidence shows that the gross volume of sales of the business of the defendants for the 12 months immediately preceding the filing of the suit was considerably less

than one million dollars. The defendants' business does not therefore meet this prerequisite (annual sales volume of not less than $1,000,000) of an "enterprise" as defined in the 1961 amendment. 29 U.S.C.A. § 203 (s) (3).

The plaintiff in error does contend, however, that he is covered under Section 6 (a) and Section 7 (a) (1) of the Act pertaining to minimum and overtime wages for employees "engaged in the production of goods for commerce," especially in view of Section 3 (j) of the Act providing that an employee is so engaged if he is employed "in any closely related process or occupation directly essential to the production" of such goods. 29 U.S.C.A. § 203 (j).

This and the other contentions of the plaintiff in error have been considered by the Federal courts in cases involving very similar factual situations and those courts have resolved these questions contrary to these contentions. Clougherty v. James Vernor Co., 187 F2d 288 (United States Court of Appeals, Sixth Circuit, 1951) and Mitchell v. Hygrade Water & Soda Co., 285 F2d 362 (United States Court of Appeals, Eighth Circuit, 1960, with dissenting opinion). A similar result was reached in Tobin v. Double Cola Bottling Co., 23 Labor Cases, Par. 67511 (United States District Court for the Northern District of Georgia, Newnan Division). As stated in the Mitchell case, supra, at p. 366, "[W]e are impelled to hold that the handling of the empty bottles by the drivers and drivers' helpers is not an activity 'closely related' or 'directly essential to' the production of the beverage for commerce. Their handling of the bottles is no part of the production of the beverage—they play no part in the unloading of the bottles at the plant, the storage thereof, the washing, the blending of the ingredients, the twirling, or any part of the process which is associated with the production of the beverage. As we have seen, these employees are primarily engaged in activities which are purely intrastate in character." We feel constrained to follow these cases since they involve the construction and application of a Federal statute by Federal courts.

These decisions are bottomed on the theory that the duties performed by "route helpers" in such situations do not consti-

tute an activity "closely related" or "directly essential" to the production of the beverage for commerce since their handling of the bottles precedes the process of producing the beverage and is actually no part of the production of such goods. The facts in those cases, as here, show that the employee never performed any duties with respect to the manufacturing process in the plants of the employers.

An issue of fact was made in this case as to whether or not the plaintiff actually unloaded some of the empty bottles from the truck when it returned to the plant. If this conflict amounts to a material issue of fact, the court would have been in error in granting the motion for summary judgment. It is noted that the facts in the Clougherty and Mitchell cases affirmatively show that the employees there involved did not take part in unloading the empty bottles at the plant. However, we have concluded that whether plaintiff engaged in the unloading of empty bottles at the plant is not material to the decision here since under the reasoning in both the Clougherty and Mitchell cases the manufacturing process does not begin until the empty bottles are placed on a conveyor for cleaning, rinsing and filling. "The production of the beverage begins when a new or returned bottle is placed on a conveyor, rinsed, sterilized and inspected." Mitchell v. Hygrade Water & Soda Co., supra, p. 364.

On the basis of the decisions cited above we conclude that the trial court did not err in granting the defendants' motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*